[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from allegedly unlawful imprisonment resulting from a judgment of conviction, after guilty pleas to charges of theft of a firearm, in violation of General Statutes 53a-212, and unlawful restraint second degree, in violation of General Statutes 53a-96, and the admission of a violation of probation, for which matters the petitioner received a total, effective sentence of fourteen years incarceration.
The petitioner in an amended petition, contends that his imprisonment is unlawful because his trial counsel, Attorney CT Page 4240 Richard Perry, rendered ineffective assistance by failing to advise the petitioner, before pleading guilty to the above-mentioned charges, that the victim of the unlawful restraint count was no longer available to testify at a trial; and by misadvising the petitioner, directly and indirectly through the petitioner's half-brother, that he would receive, at most, a sentence of five years to serve if he entered guilty pleas.
On May 25, 1990, the petitioner was arrested and charged with breach of peace, unlawful restraint second degree, criminal attempt, illegal sale of liquor to an underage person, and assaulting a police officer; on June 5, 1990, he was arrested and charged with criminal impersonation, drinking while driving, operating a motor vehicle while under suspension; operating an unregistered motor vehicle, misuse of plates, and failure to have insurance; on June 19, 1990, he was arrested and charged with reckless endangerment first degree and carrying a dangerous weapon; and, on July 13, 1990, he was arrested and charged with theft of a firearm and larceny fifth degree (Respondent's Exhibit 1). All charges arose within the jurisdictional limits of G.A. 21, Norwich. A public defender was initially appointed to represent the petitioner. Eventually, a special public defender, Perry, was appointed to handle the petitioner's defense in these cases. At the time these offenses allegedly occurred, the petitioner was on probation arising out of a kidnapping conviction for which he had received a sentence of twenty years, execution suspended after six years, probation five years.
On March 6, 1991, the petitioner withdrew previous not guilty pleas and jury elections and pleaded guilty to theft of a firearm and unlawful restraint second degree and admitted having violated his probation. On April 18, 1991, the petitioner was sentenced to serve five years on the theft of firearm, one year on the unlawful restraint, and fourteen years, the unexecuted portion of his previously suspended sentence, concurrently, for a total, effective sentence of fourteen years confinement. The other pending charges were nolled as a result of the disposition.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been CT Page 4241 different, id.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness, Johnson v. Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms, id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, id.
 I
With respect to the petitioner's contention that his trial counsel was deficient by failing to advise the petitioner that the victim of the unlawful restraint count had left the state and was unavailable to testify at trial, Perry testified at the habeas hearing that he had learned, while the petitioner's case was awaiting trial, that the victim may have left the area. Perry approached the prosecutor's investigator, James Dignotti, to verify this development. Shortly thereafter, Dignotti stated to Perry that he had since personally spoken with the victim and that she was ready, willing, and able to attend court and testify against the petitioner. Because Perry had dealt with Dignotti many times in the past and found Dignotti to be a trustworthy and reliable source of information, Perry ceased further investigation along this line. The petitioner asserts Perry's reliance on the prosecutor's investigator constituted ineffective assistance.
Dignotti also testified at the habeas hearing. He corroborated Perry's recollection and stated that he had, in fact, personally spoken by phone to the victim, who was then living in Texas, and made arrangements for her to return to Connecticut to provide testimony at trial if necessary. Based on this evidence, the court concludes that the petitioner has failed to meet his burden of proving his allegation that this victim was unavailable to testify at his trial and that more extensive investigation would have discovered such unavailability.
 II
As to the petitioner's other contention, viz. that Perry misadvised him as to the length of sentence he would receive if he pleaded guilty, Perry also testified that he never told the CT Page 4242 petitioner that if he changed his plea he would receive, at most, five years confinement. Nor did Perry tell the petitioner's half-brother, Paul Belisle, that, upon pleading guilty, the petitioner would be sentenced to time served or a very short additional term of imprisonment. Perry noted that the prosecutor had initially offered to recommend a fifteen year sentence but raised that recommendation to seventeen years after the petitioner was arrested on the firearm theft charge. Perry communicated both the original and latter offers to the petitioner, who rejected the proposed dispositions.
Upon rejection of the last offer, the petitioner's cases were placed on the jury trial list, which placement caused the prosecutor to withdraw all offers for an agreed recommended sentence. Sometime thereafter, while his cases were awaiting trial, the petitioner told Perry that he wanted to withdraw his not guilty pleas and dispose of his cases without trial. Perry explained that the prosecutor was willing to allow the petitioner to plead guilty to the theft of firearm count, the unlawful restraint count, and to admit the violation of probation in exchange for nolles as to the remaining counts, but that there would be no agreed sentencing recommendation. Perry indicated that the petitioner at that time agreed to this disposition.
The petitioner also testified at the habeas hearing and indicated that he believed, based on his discussions with Perry, that, if he agreed to plead guilty, he would receive a sentence of no more than five years to serve. Belisle also testified to the effect that Perry told him that if his brother pleaded guilty he would only receive a "slap on the wrist." Belisle noted that he communicated the context of his conversation with Perry to the petitioner and urged him to follow Perry's recommendation to plead guilty. The petitioner also testified that based on the advice of Perry and his half-brother, he decided to withdraw his not guilty pleas and give up his right to have a jury determine his guilt or innocence.
Credibility is for the trier-of-fact to determine. The court finds Perry's testimony with respect to this issue to be credible and an accurate recital of events. The state's offer to recommend fifteen and, later, seventeen years was related to the petitioner by Perry. It would be ludicrous to believe that Perry then told the petitioner that the most prison time he would receive upon pleading guilty was five years. During his plea canvass, the petitioner acknowledged that he understood he could consecutively CT Page 4243 serve five years imprisonment for the firearm theft charge, one year for the unlawful restraint second degree charge, and the remainder of his suspended sentence on the violation of probation (Respondent's Ex. 4, p. 9). The judge specifically informed the petitioner that he could serve the entire unexecuted portion of the suspended twenty year sentence and that there was no agreement regarding the imposition of a particular sentence (Respondent's Exhibit 4, p. 9). The petitioner voiced no objection, misunderstanding, nor concern regarding these comments.
In contrast, the court finds that the petitioner's and Belisle's testimony fails to reflect the actual events in question accurately. Having accepted Perry's testimony on this issue and rejected the petitioner's, the court finds that the petitioner has failed to meet his burden of proving his allegation regarding misadvice as to probable sentence.
For these reasons, the petition is dismissed.
Sferrazza, J.